**FILED**
**JUN 0 9 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. COMMODITY FUTURES TRADING  :
COMMISSION,                     :
                                :  CIVIL ACTION NO.: 11-CV-190-RMC
         Plaintiff,             :
                                :
    v.                          :
                                :
KINGDOM FOREX TRADING &         :
FUTURES, LTD., a/k/a KINGDOM FOREX :
LTD.,                           :
         Defendant.             :
                                :

## [DEFAULT JUDGMENT ORDERING PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT KINGDOM FOREX TRADING & FUTURES LTD.

On January 26, 2011, Plaintiff, the Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a complaint seeking injunctive relief, civil monetary penalties and other equitable relief against Defendant Kingdom Forex Trading & Futures, Ltd., a/k/a Kingdom Forex Ltd. ("Kingdom Forex"), for violations of certain registration provisions of the Commodity Exchange Act ("the Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* In an order entered on March 7, 2011, this Court entered default against Kingdom Forex under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(a). Pursuant to Fed. R. Civ. P. 55(b), this matter now comes before the Court on the CFTC's motion for default judgment. This Court has considered the entire record in this matter, including the CFTC's motion and incorporated

1

memorandum in support, and finds that good cause exists for entry of the relief requested. Accordingly, the CFTC's motion is granted, as detailed below.

**THE COURT HEREBY FINDS:**

1. This Court has jurisdiction over the CFTC's action pursuant to Section 6c of Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. The Court has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

3. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), in that Kingdom Forex transacts business in this District and certain transactions, acts, practices, and courses of business alleged in the CFTC's complaint occurred, are occurring, or are about to occur within this District.

4. The CFTC is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

5. Kingdom Forex is a Nevada limited liability company that solicits and accepts orders for off-exchange foreign currency ("forex") transactions.

6. On January 26, 2011, the CFTC filed a complaint against Kingdom Forex seeking injunctive and other equitable relief for violations of the Act.

7.      On January 28, 2011, the CFTC properly served Kingdom Forex, pursuant to Fed. R. Civ. P. 4(h)(1)(B), by delivering copies of the summons and complaint to Kingdom Forex's registered agent.

8.      Kingdom Forex failed to plead or otherwise defend as to the complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). On March 7, 2011, this Court entered a default against Kingdom Forex pursuant to Fed. R. Civ. P. 55(a).

9.      The allegations of the complaint are well-pled and hereby taken as true. This Order is supported by the following facts.

<u>The CFTC Has Jurisdiction Over Kingdom Forex's Forex Transactions</u>

10.     The CFTC has jurisdiction over Kingdom Forex's forex transactions because: (1) the transactions are offered or entered into (i) with a person that is not an eligible contract participant and (ii) on a leveraged or margined basis; (2) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (3) Kingdom Forex, the counterparty to the transactions with the non-eligible contract participant, is not one of certain enumerated persons. Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C).

<u>Kingdom Forex's Failure to Register Violates Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)</u>

11.     Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that:

> A person, unless registered in such capacity as the Commission by rule, regulation, or order shall determine . . ., shall not— (aa) solicit or accept orders from any person that is not an eligible contract participant in connection with agreements, contracts, or transactions described in clause (i) of this subparagraph entered into with or to be entered into with a person who is not described in item (aa), (bb), (dd), (ee), or (ff) of subparagraph (B)(i)(II).

12.     The transactions referred to include leveraged or margined forex transactions conducted with non-Eligible Contract Participants ("non-ECPs") at a Retail Foreign Exchange Dealer ("RFED"). These transactions do not result in actual delivery of the traded foreign currency within two days or create an enforceable obligation to deliver the foreign currency.

13.     An Eligible Contract Participant ("ECP") is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, *or reasonably likely to be owned or incurred*, by the individual." *See* Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a.

14.     On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. §§ 1 *et seq.*, with respect to off-exchange forex transactions.

15.     For the purposes of Part 5 of the Regulations, an RFED is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II).

16.     Pursuant to Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), in connection with forex transactions, all RFEDs must be registered with the Commission as of October 18, 2010.

17.     Kingdom Forex has never been registered with the CFTC in any capacity or applied for registration (or an exemption from registration).

18.     Nonetheless, after October 18, 2010, Kingdom Forex solicited or accepted orders from non-ECPs in connection with margined or leveraged forex transactions as an RFED. These transactions do not involve actual delivery of foreign currency or any obligation to do so. The transactions (*i.e.*, the buying and selling of foreign currency pairs) will occur between the non-ECPs on and Kingdom Forex. In other words, Kingdom Forex is soliciting and entering into orders with non-ECPs on its own behalf.

19.     According to the information on its website and available from the applicable regulatory bodies, however, Kingdom Forex is not one of the persons exempt from registration under Section 2(c)(2)(C) (a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company) or excluded from the definition of RFED under Regulation 5.1(h)(1) (a financial institution, brokers and dealer registered under the Securities Exchange Act or an associated person thereof, futures commission merchant, insurance company, financial holding company, or investment bank holding company).

20.     Kingdom Forex violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), by soliciting and taking orders from non-ECPs in connection with forex transactions at an RFED without being properly registered.

21.     Moreover, Kingdom Forex acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1). Because Kingdom Forex has failed to register as an RFED, it has violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. §5.3(a)(6)(i).

<u>Permanent Injunctive and Other Ancillary Equitable Relief is Warranted</u>

22.     The CFTC has shown that Kingdom Forex has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that Kingdom Forex will continue to engage in the acts and practices alleged in the complaint and in similar acts and practices in violation of the Act, as amended by the CRA, and the Regulations. In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act, as amended by the CRA, and the Regulations. Furthermore, the nature of Kingdom Forex's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant, Kingdom Forex, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). Therefore, judgment shall be and hereby is entered in favor of the Plaintiff, U.S. Commodity Futures Trading Commission, and against Defendant Kingdom Forex as follows:

<u>Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)</u>

23.     Kingdom Forex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Kingdom Forex, and all persons and entities insofar as they are acting in concert or participation with Kingdom Forex who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

    a.    engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or

      accepting orders from any person that is not an ECP in connection with forex transactions; and

  b.  engaging in any conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

<u>Removal of Website</u>

24. Kingdom Forex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Kingdom Forex, and all persons and entities insofar as they are acting in concert or participation with Kingdom Forex who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions whether through www.kingdomforex.com, the Uniform Resource Locator ("URL") associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by Kingdom Forex, in whole or in part. This includes, but is not limited to, submitting a removal request of the domain name(s) associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or domain registration company.

25. Any person or entity providing web-hosting or domain name registration services in the United States for any website, domain name or affiliated URL under the ownership of Kingdom Forex, in whole or in part, which Kingdom Forex uses to solicit or accept orders or accounts from non-ECPs in connection with forex transactions at Kingdom Forex or to offer to be the counterparty to customers' forex transactions, including, but not limited to, www.Kingdom Forex.net, the URL associated with such domain name, and/or any other domain name or URL

created, operated, hosted and/or authorized by Kingdom Forex, in whole or in part, who receives actual notice of this Order by personal service or otherwise shall:

    a.    remove or cause to be removed from the Internet all webpages, within their control, which are posted or authorized or to be posted or authorized by Kingdom Forex or any persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Kingdom Forex, in which Kingdom Forex: 1) solicits or accepts orders or accounts from non-ECPs in connection with forex transactions at Kingdom Forex; or 2) offers to be the counterparty to customers' forex transactions;

    b.    preserve all documents related to any website operated, in whole or in part, under the name Kingdom Forex.net, as well as any website that is substantially identical in appearance to that website; and

    c.    immediately notify counsel for the CFTC of any other web page or website operated or controlled by or on behalf of Kingdom Forex.

<u>Trading, Solicitation and Registration Prohibitions</u>

26.    Kingdom Forex, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Kingdom Forex, and all persons and entities insofar as they are acting in concert or participation with Kingdom Forex who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

    a.    trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

    b.    entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

    c.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account

           involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

d.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e.    applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

f.    acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

<u>Equitable Relief Provisions</u>

27.    The equitable relief provisions of this Order shall be binding upon Kingdom Forex and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of Kingdom Forex, and any person acting in active concert or participation with Kingdom Forex who receives actual notice of this Order by personal service or otherwise.

<u>Civil Monetary Penalty</u>

28.    Kingdom Forex shall pay to the Commission a civil monetary penalty of $280,000, plus post-judgment interest.

29.    Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

30.    Kingdom Forex shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If Kingdom Forex chooses to make the payment by electronic funds transfer, it shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Kingdom Forex shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding. Copies of the cover letter and the form of payment shall be simultaneously transmitted to: David Meister, Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon Kingdom Forex or any other entity or person that may be subject to any provision of this Order. Elizabeth Davis, Kenneth McCracken, Erica Bodin, and Jessica Harris, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that all pleadings, correspondence, notices or other materials required by this Order shall be sent to Elizabeth Davis, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington D.C. 20581.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**IT IS FURTHER ORDERED** that there being no just cause for delay, the Clerk of the Court shall enter final judgment against Kingdom Forex forthwith and without further delay.

**IT IS SO ORDERED.**

DATED: June 20, 11

_____
HON. ROSEMARY M. COLLYER
United States District Judge